IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES of AMERICA,

    Plaintiff,

vs.

ANDRE L. DAVIS,
MYRON WYNN, and
KERICKA KIRKLAND

    Defendants.

Criminal Action

Case No. 03-10157-01,02,03  JTM

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Myron Wynn and Kericka Kirkland's joint motion to suppress evidence and statements given at or near the time of arrest (Dkt. No. 49). The court conducted a full hearing on the motion, and took the matter under advisement. Defendant Andre Davis initially had joined in the motion, but withdrew from it prior to the hearing and thus did not participate (Dkt. No. 64). After viewing the videotape of the stop and considering the evidence presented, the court denies the motion.

### Findings of Fact

On April 9, 2003, Kansas Highway Patrol Trooper Michael Weigel stopped a 2003 blue Ford Explorer headed eastbound on Interstate 70 for speeding. Defendant Wynn was driving; defendants Davis and Kirkland were the other occupants. Davis, who had rented the Explorer, was sitting in the front seat.

Officer Weigel spoke with Wynn and warned him to slow down. Throughout the course of the stop, Officer Weigel observed that Wynn was nervous to such an extreme that he seemed "ready to jump out of his pants." (Defense Exhibit 1). According to Officer Weigel, Wynn's nervousness continually escalated, which aroused his suspicion because, in Officer Weigel's experience, nervousness generally subsides, rather than increases, with time. The videotape of the stop confirms that the defendants displayed significantly more than an ordinary level of nervousness and agitation during questioning than the court is accustomed to seeing in tapes of such stops.

When Officer Weigel checked the rental agreement given to him by the defendants, he found that the vehicle had been rented for three days in Los Angeles, California, on April 7, 2003. While reviewing the rental agreement in his vehicle, Officer Weigel also checked the criminal histories of the occupants of the vehicle, and discovered that Davis had prior drug offense convictions.

Officer Weigel questioned Wynn and Davis separately. When asked about his travels, Wynn told Weigel that they were returning to Indianapolis, Indiana and that they had driven to Las Vegas in a different rental car, which had been stolen during their travels. Davis, on the other hand, told officer Weigel that in addition to Las Vegas, they were in California and he had rented the vehicle in Harbor City, California. Davis did confirm that the prior rental car they had been driving was stolen, but Davis appeared agitated and confused while talking with Officer Weigel. Davis and Wynn each gave varying accounts of their travels, and neither seemed to be able to state with precision either where they had been or what they were doing.

Officer Weigel issued a warning ticket to Wynn, returned all the paperwork to the parties, and told Wynn that he was free to leave. Officer Weigel then asked Wynn if they were carrying any

contraband, weapons, or drugs, to which Wynn replied negatively. Officer Weigel then asked Wynn and later Davis if each would consent to a search of the vehicle, but both refused.

After Wynn's and Davis' refusal to consent to a search, Weigel told the occupants that he was going to detain them to wait for a canine unit, which was en route and approximately 30 minutes away. After a discussion about the delay and the speed with which they could conduct a search, Davis agreed to the search prior to the arrival of the canine unit.

The search revealed a black clothing bag containing cocaine, and all of the occupants were placed under arrest.

## Conclusions of Law

The defendants seek suppression of all evidence and statements seized during the April 9, 2003, encounter with the police on the grounds that the detention was unlawful. Before considering the motion to dismiss on the merits, it is first necessary to determine whether the defendants have standing to bring the claim.

### *1. Standing*

Neither a non-owner passenger nor a non-owner driver is deemed to have a reasonable expectation of privacy, and thus has no Fourth Amendment rights in a vehicle. *See United States v. DeLuca*, 269 F.3d 1128, 1131-132 (10th Cir. 2001). Because Davis rented the car, Wynn and Kirkland lack an ownership interest in the car. Further, Wynn's status as a driver is insufficient to confer a possessory interest under prior Tenth Circuit precedent. *See United States v. Jefferson*, 925 F.2d 1242, 1249 (10th Cir. 1991) (holding that non-owner driver and non-owner passenger of a car did not have a Fourth Amendment right to privacy in that car when the owner of the car was present as a passenger); *United States v. Roper*, 918 F.2d 885, 887-88 (10th Cir. 1990) (holding that the


defendant did not have standing to challenge the search of the rental car he was driving because he was not listed as an additional driver in a car rental contract). Accordingly, neither Wynn nor Kirkland had a reasonable expectation of privacy in the vehicle, and thus lack standing to challenge the search of the vehicle.

Nevertheless, the United States Supreme Court recently ruled that during a traffic stop, an officer seizes everyone in the vehicle, not just the driver. *Brendlin v. California*, 127 S. Ct. 2400, 2406 (June 18, 2007). The Court noted, "[i]f either the stopping of the car [or] the length of the passenger's detention thereafter . . . are unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit." *Id.* at 2408 (quoting 6 W. LaFave, *Search and Seizure* § 11.3(e), pp. 194, 195, and n. 277 (4th ed. 2004 and Supp. 2007)).

The Tenth Circuit has already interpreted *Brendlin*, noting that although *Brendlin* held "that a passenger was "seized" for Fourth Amendment purposes and thus had standing to challenge the validity of the traffic stop . . . the passenger's right to contest a subsequent search not of his or her person but the vehicle remains another question." *United States v. Cortez-Galaviz*, No. 06-4230, 2007 WL 2181518, at *7 FN 3 (10th Cir. July 31, 2007). Prior to *Brendlin*, however, the Tenth Circuit ruled that "a passenger has standing to challenge a constitutionally improper traffic stop, detention, or arrest on Fourth Amendment grounds even though, when the seizure occurs, she has no possessory or ownership interest in either the vehicle in which she is riding or in its contents." *United States v. Eylicio-Montoya*, 70 F.3d 1158, 1162 (10th Cir. 1995). Thus, defendants may have standing to challenge the constitutionality of a traffic *stop* or the detention thereafter, yet lack

standing to directly challenge a *search* of a vehicle. *See e.g., United States v. Nava-Ramirez*, 210 F.3d 1128, 1130 (10th Cir. 2000).

Accordingly, Wynn and Kirkland lack standing to challenge the search of the vehicle, yet have standing to challenge the stop and their own detention.

## *2. Reasonable Suspicion*

Because Wynn and Kirkland have standing to challenge their own detention, the motion to suppress must be examined on its merits. Generally, a traffic stop may not be extended beyond the time reasonably required to accomplish its purpose, and continued detention is appropriate only if the officer develops reasonable suspicion of criminal activity, or the encounter becomes consensual. *United States v. Kaguras*, No. 05-8103, 2006 WL 1585989, at *3 (10th Cir. June 9, 2006). Once the purpose of the stop is satisfied, however, the driver's detention generally must end without undue delay. *United States v. Edgerton*, 468 F.3d 1043, 1047 (10th Cir. 2006). Extended traffic stops that occur without consent are unconstitutional absent a reasonable suspicion that justifies the extension. *Kaguras*, No. 05-8130, 2006 WL 1585989, at *3. The totality of the circumstances are examined to determine whether an officer had reasonable suspicion to extend the stop. *Id*.

Officer Weigel had several factors that, when taken in the totality of the circumstances, created reasonable suspicion to extend the traffic stop. These factors include 1) the nervous reaction of Wynn upon being stopped; 2) the escalation of Wynn's nervousness throughout the duration of the stop; 3) the inconsistency of the stories from the two defendants; 4) the general agitation and demeanor of the defendants during the stop; and 5) defendant Davis' prior drug history. Further, contrary to the defendants' assertion, police officers do not have a duty to attempt to clarify purported inconsistencies in various stories given by defendants. *See United States v. Acosta*, 363

F.3d 1141, 1152 (11th Cir. 2004) (noting that police officers do not have a duty to clarify a suspect's intent if statements made are ambiguous regarding the right to counsel).  Accordingly, defendants' motion to suppress is denied.

Given that the officer had reasonable suspicion to detain the defendants, the court need not discuss the issue related to the initial refusal of the consent to search the vehicle.

IT IS ACCORDINGLY ORDERED this 24th day of September 2007, that the defendants' motion to suppress (Dkt. No. 49) is hereby denied.

>s/ J. Thomas Marten
>J. THOMAS MARTEN, JUDGE